UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Troy Jones,

                  Petitioner,                  Case No. 2:13-CV-13885
                                                          Hon. Gershwin A. Drain

v.

Kenneth Romanowski,

                  Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTIONS TO STAY PROCEEDINGS [dkt. 11]**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner was convicted in the Allegan Circuit Court of two counts of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and witness tampering, contrary to MICH. COMP. LAWS § 750.122(7)(b). The petition claims that: (1) a number of his constitutional rights were violated when letters between himself and his trial counsel were opened by jail authorities, copied, and provided to the prosecutor; (2) Petitioner was erroneously impeached with prior convictions obtained without counsel; and (3) Petitioner was denied the effective assistance of counsel.

      Respondent's answer to the petition states that Petitioner failed to exhaust his state court remedies with respect to his first claims. Petitioner has filed a motion to stay the proceedings, acknowledging that he never presented his first claim to the state courts. He wishes to have the case stayed so that he may return to state court to present his first a claim in a motion for relief from judgment. For the reasons stated below, the Court grants Petitioner's motion.

Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available in circumstances where the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has

-2-

not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Because of concerns regarding the statute of limitation, the Court will grant Petitioner a stay. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner timely pursuing his state court remedies in the Michigan Court of Appeals and Michigan Supreme Court following the disposition of his post-conviction motions in the trial court, then returning to federal court within thirty (30) days of completing exhaustion of state court post-conviction remedies. *Hargrove v. Brigano*, 300 F. 3d 717, 721 (6th Cir. 2002); *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

## Order

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner must timely pursue his state court remedies by filing a motion for relief from judgment in the trial court within 60 days. If Petitioner does not obtain relief, he must file appeals in the Michigan Court of Appeals and Michigan Supreme Court.

Petitioner shall notify this Court when his post-conviction appeal papers have been filed.

Petitioner shall then file a motion to re-open this case and an amended petition within thirty (30) days after the conclusion of the state court post-conviction proceedings. Petitioner shall file this motion using the caption and case number from this case.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

s/Gershwin A Drain  
Honorable Gershwin A. Drain  
United States District Judge

Dated: April 22, 2014